[Civil No. 884.   Filed March 30, 1905.[

[80 Pac. 324.]

## WALDO BEAM, Plaintiff and Appellant, v. JAMES V. PARKS, et al., Defendants and Appellees.

1. JUSTICES OF THE PEACE—JURISDICTION — QUALIFICATION — FORCIBLE ENTRY AND DETAINER—INJUNCTION—REV. STATS. ARIZ. 1901, PARS. 2058, 2672, CONSTRUED.—Under paragraph 2672, *supra*, providing that "Any justice of the peace of the precinct where the property is situated shall have jurisdiction to hear and determine any case arising under this title. If there be no justice of the peace within the precinct, then the nearest justice of the peace shall have jurisdiction," and paragraph 2058, *supra*, providing that "If there be no justice of the peace qualified to try the suit in the proper precinct, the suit may be commenced before the nearest justice of the peace of the county who is not disqualified to try the same," a complaint in an action to enjoin a judgment in forcible entry and detainer rendered by a justice of a precinct other than that wherein the property was situated, for want of jurisdiction, is insufficient where it fails to allege that the justice within the precinct was qualified to try the suit.

2. INJUNCTION — PLEADING — AGAINST ENFORCEMENT OF JUDGMENT —
COMPLAINT—SUFFICIENCY.—A complaint in an action to enjoin the
enforcement of a judgment in forcible entry and detainer which
fails to show whether or not an appeal has been taken from the
judgment or any facts which would constitute ground for the grant-
ing of equitable relief is demurrable.

APPEAL from a judgment of the District Court of the
Second Judicial District in and for the County of Graham.
Fletcher M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

Edwards & McFarland, for Appellant.

W. K. Dial, for Appellees.

DAVIS, J.—On the twenty-sixth day of July, 1904, George
Young commenced a suit against Waldo Beam, in the justice
court of precinct No. 12, Graham County, under the forcible
entry and detainer statutes, to recover the possession of cer-
tain real property which was situate within the limits of pre-
cinct No. 1 in said county. Summons was issued and served
upon Beam, who appeared on the day named for trial, and
objected to the jurisdiction of the court because the land, the
possession of which was in controversy, did not lie in the pre-
cinct in which suit was brought. His plea was overruled,
whereupon he declined to make any further defense to the
action. The justice proceeded to hear the case, and gave
judgment in favor of Young for the restitution of the premises
and for damages and costs. Thereafter Beam instituted an
action in the district court of Graham County to obtain re-
lief by injunction against the enforcement of the aforesaid
judgment. His amended complaint alleged the location of the
property as in precinct No. 1, set forth the proceedings had be-
fore the justice in precinct No. 12, alleged that there was at
the time a duly qualified and acting justice of the peace in
precinct No. 1, that by reason thereof the justice court of
precinct No. 12 had no jurisdiction of the subject-matter of
the suit, and that the judgment rendered in said case was null
and void. It was not alleged that there was a justice of the
peace in precinct No. 1 who was qualified to try the suit.

The amended complaint failed to show whether or not an appeal had been taken from the judgment, and no facts of any character were pleaded which would constitute a sufficient ground for the granting of equitable relief. A demurrer to this amended complaint was sustained by the court, and, the plaintiff declining to further amend, a judgment was rendered against him for costs. From that judgment this appeal is taken, and the ruling of the district court upon the demurrer is the only error assigned. The trial court held the complaint to be fatally defective because of its failure to allege that at the time of the institution of the suit in precinct No. 12, there was a justice of the peace in precinct No. 1, qualified to try the suit in the precinct where the property was situated; that this allegation was necessary to show want of jurisdiction over the subject-matter by the justice of precinct No. 12. Title 29, "Forcible Entry and Detainer," in our statutes, contains the following provisions: "Any justice of the peace of the precinct where the property is situated, shall have jurisdiction to hear and determine any case arising under this title. If there be no justice of the peace within the precinct, then the nearest justice of the peace shall have jurisdiction." Rev. Stats. Ariz. 1901, par. 2672. Title 17, part 5, relating to "Procedure in Justice of the Peace Courts," has the provision: "If there be no justice of the peace qualified to try the suit in the proper precinct, the suit may be commenced before the nearest justice of the peace of the county who is not disqualified to try the same." Id., par. 2058. We think there can be no question but that the latter provision of the statute applies alike to all suits within the jurisdiction of a justice of the peace, including actions of forcible entry and detainer. It is the policy of the law that causes shall be submitted to impartial and unprejudiced tribunals, and we should be loth to place upon the statute a construction which would except any class of actions from the operation of so just a rule. It was not enough, therefore, to simply allege that there was a lawfully acting justice of the peace in precinct No. 1. To show a want of jurisdiction by the justice of precinct No. 12, it should also have been made to appear by the pleading that former justice was "qualified to try the suit." But, were our view different upon this particular point—which seems to have been the only defect urged in the lower court—we

would still hold the amended complaint, as it stood, insufficient to entitle the plaintiff to a decree.

There was no error in the ruling of the district court, and the judgment appealed from will be affirmed.

KENT, C. J., and SLOAN, J., concur.